Bigelow, J.A.D., dissented. *Page 130 
This is an appeal in a negligence action from a judgment of the Hudson County Court of Common Pleas in favor of the plaintiff-respondent. *Page 131 
Upon the defendant's invitation, the plaintiff accompanied him in the defendant's car to the premises of Royal Motors at Jersey City. Subsequently they returned to the car where the defendant unlocked the door to permit plaintiff to enter. While plaintiff was entering, the door was closed upon his right hand causing a fracture of the second metacarpal. The plaintiff testified that "the door was slammed" on his hand by the defendant; the defendant testified at one point that he did not close the door and at another point that he did not remember closing the door. Another witness, Mr. Domanowski, who had accompanied the plaintiff and the defendant, testified that he heard plaintiff's outcry when his hand was hurt, although he had not seen the door closed. There were no motions for non-suit or directed verdict and the trial judge submitted to the jury the issue of whether the defendant had negligently closed the door on plaintiff's hand causing the injury. The court instructed the jury that if they found that the plaintiff was entitled to recover because of the defendant's negligent action they would then consider and fix the amount of damages. The jury returned a verdict in favor of the plaintiff in the sum of $1200 and thereupon plaintiff obtained a rule to show cause why a new trial limited to damages should not be granted. The trial court determined that the damages were inadequate and that a new trial limited to damages would be granted unless the defendant consented to an increase to $3500. The defendant declined and a subsequent jury trying the single issue of damages rendered a verdict in the sum of $3,000 for the plaintiff. The defendant appeals on the ground that the trial court erred in limiting the new trial to damages.
The propriety of confining a new trial to damages or other question with respect to which the verdict is wrong, if separable, has long been recognized in our state. See Gaffney v.Illingsworth, 90 N.J. Law 490 (E. A. 1917) and annotations in 2 N.J. Misc. R. pp. 1246-1251. See also Rule
3:59-1. Thus in Robinson v. Payne, 99 N.J. Law 135, 142 (E. A. 1923) the Court of Errors Appeals held that where it appears from a review of the entire case that the jury has determined "the question of liability fairly and upon sufficient evidence" and that *Page 132 
the sole error relates to the issue of damages, "the court has power to confine the new trial to the question of damages, and in the interest of justice it should exercise the power." SeePetrosino v. Public Service Co-ordinated Transport,1 N.J. Super. 19, 61 Atl. (2d) 746 (App.Div. 1948). And inRossman v. Newbon, 112 N.J. Law 261, 263 (E. A. 1934) the same court in sustaining the limitation of a new trial to damages where it appeared that the jury had neglected to assess damages with respect to one of the plaintiffs although the issue of liability was determined in his favor (Cf. Tompkins v. PilotsAssociation for Bay River Delaware, 32 F. Supp. 439 (D.Pa. 1940)) again points out that such action rests "in the sound discretion" of the trial court.
Defendant does not dispute the foregoing but contends that the jury which returned the $1200 verdict had not made separable determinations but had illegally compromised both liability and damages. If that was so, then the trial judge should have awarded a new trial on all issues rather than one confined to damages. See Juliano v. Abeles, 114 N.J. Law 510 (Sup.Ct. 1935);DePeole v. Passaic City Steam Laundry, 5 N.J. Misc. R. 687, 690 (Sup.Ct. 1927). The real question remaining, therefore, is whether, from an examination of the entire record, the assertion that the jury did not find in favor of the plaintiff on the issue of negligence but compromised that issue along with thequantum of damages, is supported.
Prior to the accident plaintiff worked in his mother-in-law's business as a baker, receiving a regular weekly wage of $50. Since the accident he has not worked as a baker but has received substantially the same weekly amount as a salesperson in her bakery store. His medical bill was $110 which included $20 for X-rays and $90 for thirty visits to his doctor for hand massages. He testified that the prevailing wage for bakers in regular industry is $90 per week but that he would be unable to perform such work because of the injury to his hand. His doctor testified that upon examination he found that the plaintiff had suffered a "fracture of the second metacarpal of the right hand" and that this was confirmed by x-rays which were *Page 133 
taken but not available. He did not express any opinion as to whether the condition of plaintiff's hand would interfere with the performance of his duties as a baker although he did state that he thought "there has been some impairment of function." On the other hand, the doctor called by the defendant testified that in his opinion the fracture of the second metacarpal, although it left a slight boney prominence, did not result in any impairment of the function of the hand or in any condition which would interfere with plaintiff's performance of his work as a baker. On cross-examination he again stated that although plaintiff has the boney prominence, he was "sure he has normal function."
It seems clear that if the jury believed the medical testimony introduced by the defendant, it could, after having determined the issue of liability in favor of the plaintiff, properly assess damages at or about $1200. Upon the hypothesis that it accepted such evidence, the verdict actually rendered by the jury would in no sense suggest any inconsistency or compromise. Cf. C.A.Lippincott Bro. v. Matazzo, 8 N.J. Misc. R. 330, 332 (Sup.Ct. 1930). In the light of the defendant's contention, at the trial, and his supporting medical testimony, that plaintiff had suffered no serious injury or functional impairment, we are not impressed with the defendant's present contrary position that the plaintiff's injuries were so serious and the verdict of $1200 so small that there must have been a compromise on the disputed issue of liability as well as damages.
The determination as to whether a verdict for inadequate damages represents an illegal compromise properly rests, in the first instance, with the trial judge who has had the advantage of observing the witnesses and conducting the trial. Where, as here, he has, by limiting the new trial to damages, determined that the issue of liability was fairly and separately decided on sufficient evidence by the first jury and judgment has been entered upon a proper assessment of damages by a second jury, the appellate court is loath to upset his discretionary action and thus compel litigation anew on all issues. Cf. Gaffney v.Illingsworth, supra; Rossman v. Newbon, supra. Considering the entire proceedings including the testimony, the trial judge's action *Page 134 
on the rule to show cause, and the subsequent verdict of $3,000, we find nothing which would render the original verdict of $1200 so grossly insufficient as to establish an illegal compromise on liability warranting interference with the trial judge's action. Indeed, examination of the authorities indicates that limitations of new trials to the issue of damages have been sustained where the suggested disparity between the original verdict and a reasonable quantum of damages was far greater than that before us. See Rossman v. Newbon, supra, at p. 262; Stoll v.Schantz, 6 N.J. Misc. R. 1046 (Sup.Ct. 1928).
The judgment below is affirmed.